521 A.2d 530

Elizabeth A. Runkle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1986, to Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Leo E. Gribbin, Stetler* & *Gribbin,* for petitioner.

*Samuel H. Lewis,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, March 2, 1987:

Petitioner appeals the decision and order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying benefits to petitioner for willful misconduct, pursuant to section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We reverse.

Petitioner was a nursing assistant for over twenty-three years. Her discharge was based on willful misconduct due to a lack of good cause for absenteeism.

The question of whether the behavior for which a petitioner is discharged constitutes willful misconduct is a question of law subject to review by this court. *Northeastern Hospital v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 332, 439 A.2d 1337 (1982). Our scope of review is to determine whether there is substantial evidence on the record to support the findings of fact made by the referee or whether there is an error of law. Section 704 of the Ad-

ministrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The referee found that petitioner had previously been warned, and suspended for five days, for absenteeism. In April, 1984, the employer asked petitioner to be examined by the employer's health department. The employer found that there were no health problems that would cause petitioner to be unemployable. Despite this examination, the record does show absences which were explained by doctors' notes. On at least one occasion, petitioner had undergone surgery. Other absences were explained by problems with transportation due to poor weather conditions.

The referee based his conclusion of willful misconduct primarily on petitioner's last period of absenteeism. While he found that on February 5, 7, 8, 9 and 10, 1985, petitioner called to report that she was out sick with the flu, he could find no good reasons for petitioner to be absent from work for almost a week. The record shows that petitioner's medical evidence indicates that on February 8, she saw a physician, Dr. Frost, who indicated that petitioner had an ear problem for the past two weeks and a viral condition, that in the last three days she had been coughing uncontrollably, and that she probably had the flu with some muscle strain in her chest.

Petitioner testified that she was advised by her physician to "stay off" because she had influenza. The referee found that "[i]f the claimant were so ill that she needed to miss work, especially under the circumstances of this case when she knew that her job was in jeopardy, common sense and prudence would have dictated that she visit a doctor on the first day of such illness."

Absenteeism alone, while grounds for discharge, is not a sufficient basis for denial of unemployment benefits. An additional element, such as lack of good cause for absence, is necessary. An absence due to illness constitutes good cause and does not constitute willful misconduct. *Vargas v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 158, 486 A.2d 1050 (1985).

The burden of proving willful misconduct, so as to render a petitioner ineligible for unemployment compensation benefits, is on the employer. *Northeastern Hospital.* Unlike a voluntary quit case, where acting with prudence and common sense is relevant in determining a necessitous and compelling reason to voluntarily quit a job, in a case such as the instant one, it is the lack of illness which denies benefits. We do not find that there is substantial evidence to support a finding that petitioner was not ill. Furthermore, it is not relevant whether it was prudent or lacking in common sense to visit a doctor on a particular day. It is unreasonable to infer that there was no illness under the circumstances of this case. The employer did not meet its burden of proof.

Accordingly, we reverse the Board.

ORDER

NOW, March 2, 1987, the order of the Unemployment Compensation Board of Review, No. B-242812, dated August 20, 1985, is reversed.

Judge PALLADINO dissents.