# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Philadelphia Parking Authority,    :
    :
       Petitioner    :
    :
      v.    : No. 609 C.D. 2015
    : Submitted: October 23, 2015
Unemployment Compensation    :
Board of Review,    :
    :
       Respondent    :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**             **FILED: November 17, 2015**


The Philadelphia Parking Authority (Employer) petitions for review of the April 1, 2015 order of the Unemployment Compensation Board of Review (Board) concluding that Deserie L. Baker (Claimant) was not ineligible for unemployment compensation under Section 402(e) of the Unemployment Compensation Law[1] (Law) because Employer did not meet its burden to demonstrate that Claimant committed willful misconduct. We affirm.

Claimant filed an initial internet claim for unemployment compensation on October 30, 2014, and listed her reason for discharge from

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work. 43 P.S. § 802(e).

employment as a Parking Enforcement Officer as violation of Employer's sick leave policy, specifically stating her discharge was for "not calling the sick line to let them know I was leaving the house so when the investigator came to the house I wasn't here." (Record Item (R. Item) 2, Initial Internet Claim.) Employer submitted separation information to the Department of Labor and Industry (Department), including its sick leave policy, a letter stating that Claimant was discharged for repeated violations of Employer's sick leave policy, and copies of letters issued to Claimant documenting her violations of Employer's policy and Employer's progressive discipline of Claimant. (R. Item 3, Employer Separation Information.) The Department conducted an oral interview with Claimant on November 12, 2014. (R. Item 4, Oral Interview.) On November 13, 2014, the Department issued a Notice of Determination finding Claimant ineligible for unemployment compensation under Section 402(e) of the Law because Claimant was aware of Employer's sick leave policy, had repeatedly violated Employer's sick leave policy, and her discharge resulted from a violation of Employer's sick leave policy for which Claimant did not have good cause. (R. Item 5, Notice of Determination.) Claimant appealed the Department's Notice of Determination and attached documents that included a description of her medical condition, her certification for leave under the Family and Medical Leave Act[2] (FMLA) from September 4, 2014 through October 30, 2014, her correspondence with Employer regarding her FMLA leave, and approval for additional intermittent or unscheduled leave. (R. Item 6, Petition for Appeal.)

A hearing was held before the Referee on December 18, 2014. (R. Item, 12, Hearing Transcript (H.T.)). At the hearing, documentary evidence

_____

[2] 29 U.S.C. §§ 2601-2654.

2

submitted by the parties and certified by the Department was admitted without objection. (*Id*. at 3-5, 15.) Claimant appeared at the hearing, *pro* se, and offered her testimony as well as the testimony of Nicole Vallette, her cousin and roommate. (*Id*. at 1, 20.) Employer appeared at the hearing, represented by counsel, and offered the testimony of Anthony Kuczynski, Manager of Ticketing for Employer. (*Id*. at 1.) On December 22, 2014, the Referee issued a decision and order concluding that Employer failed to meet its burden under the Law to demonstrate that Claimant had committed willful misconduct. (R. Item 13, Referee's Decision and Order.) Employer appealed the Referee's decision and order to the Board. (R. Item 15, Employer's Petition for Appeal.)

On April 1, 2015, the Board issued a decision and order affirming the Referee. (R. Item 16, Board's Decision and Order.) In its decision, the Board made the following findings of fact:

2. [Employer] has a policy that provides that while on sick leave an employee may be called or visited by a sick leave investigator unless the employee has 150 or more days of accumulated sick leave.

3. [Claimant] was or should have been aware of [Employer's] policy concerning visits by sick leave investigator.

4. [Claimant] was aware that if she left her house while out on sick leave, [Claimant] had to call [Employer].

5. On September 26, 2014, [Claimant] was out on Family and Medical Leave Act leave.

6. A sick leave investigator contacted [Claimant] by phone on that day and she spoke to him.

7. [Claimant] also admitted that she forgot to call to let [Employer] know that she was leaving the house on that day.

3

8.  As a result, [Claimant] was not at her house when the sick leave investigator arrived.

9.  [Claimant] had previously been warned about her failure to adhere to [Employer's] attendance policies and was aware that she could be discharged for her next sick leave policy violation.

10.  The claimant was discharged for failing a sick leave check on September 26, 2014.

(R. Item 16, Board's Decision and Order, Findings of Fact (F.F.) 2-10.)  The Board concluded that Employer had failed to meet its burden under the Law to establish that Claimant committed willful misconduct.  (*Id*. Discussion at 2.)  The Board stated:

[Employer] has not met this burden.

[Claimant] acknowledged that on September 26, 2014, she failed to appear for work due to illness and that she spoke to a sick leave investigator who contacted her by telephone. [Claimant] admitted in her application for benefits that she forgot to call in to let [Employer] know that she was leaving the house and when the investigator came to the house she was not there.

The Board notes that the sick leave investigator who prepared the report concerning [Claimant's] absence from her home on September 26, 2014 did not appear at the hearing.  The investigator's report indicates that the investigator attempted to contact [Claimant] at 5:59 P.M. and [Claimant] was not at home.  The report also indicates [Claimant] was available by phone and called from her house.

The [Employer] witness who appeared at the hearing was not able to offer any first-hand testimony as to the events which led to [Claimant's] discharge.

[Claimant's] admission is that she forgot to call.

The Board concludes that forgetting to call does not rise to the level of willful misconduct.

4

(*Id.* Discussion at 2-3) Employer petitioned this Court for review of the Board's order.[3]

Before this Court, Employer argues that the Board erred by disregarding Claimant's history and pattern of violating Employer's sick leave policy and instead focusing solely on the final incident leading to Claimant's discharge from employment. Employer argues that the Board's conclusion that Claimant did not commit willful misconduct directly contradicts this Court's holding in *Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186 (Pa. Cmwlth. 2012). Employer also contends that the Board's finding that Claimant forgot to call to report that she was leaving her home does not establish that Claimant had good cause for her violation of Employer's sick leave policy.

When an employee is discharged from employment, the question under Section 402(e) of the Law is not whether the discharge was justified, but whether the circumstances surrounding the claimant's termination from employment precludes the claimant from receiving unemployment compensation because the claimant's conduct amounted to willful misconduct. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003). Section 402(e) of the Law does not define willful misconduct. However, willful

---

[3] In unemployment compensation appeals, this Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Maskerines v. Unemployment Compensation Board of Review*, 13 A.3d 553, 555 n.3 (Pa. Cmwlth. 2011). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008).

misconduct has been defined by the courts as the: (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules or policy; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 (Pa. 1996). In unemployment compensation proceedings where an employer alleges that a claimant has committed willful misconduct by violating a work policy, the employer bears the initial burden of proof, and must demonstrate by substantial evidence the existence of the policy, the reasonableness of the policy, and the claimant's intentional and deliberate violation of the policy. *Grieb*, 827 A.2d at 426; *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 522 (Pa. Cmwlth. 1999). If an employer meets this burden, the burden then shifts to the claimant to demonstrate that the claimant had good cause for the violation of employer's policy by showing that the actions resulting in non-compliance were reasonable under the circumstances. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011).

Excessive absenteeism may constitute willful misconduct: Employers have a right to expect that employees will report to work when they are scheduled, that they will be on time, and that they will not leave work early without permission. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1163 (Pa. Cmwlth. 2013). In *Grand Sport Auto*, this Court held that a claimant was ineligible for unemployment compensation where an employer established that the claimant had an extensive history of absenteeism and tardiness and that while the claimant's discharge was not a result of the claimant's final absence, for which

6

there was good cause, the claimant's history and pattern of disregarding employer's attendance policy constituted willful misconduct. 55 A.3d at 193. In the instant matter, Employer argues it demonstrated that Claimant had a similar history of absenteeism for which she was progressively disciplined, and that her discharge was based on this history and not the final incident. However, the record in this matter supports the Board's conclusion that Employer failed to meet its burden to establish willful misconduct.

The Board found that prior to Claimant's termination from employment, she had been warned about her failure to adhere to Employer's sick leave policy and that she was aware she could be discharged for her next violation. However, the Board also found that claimant was discharged for failing a sick leave check on September 26, 2014 rather than her history of absenteeism. The record evidence in this matter establishes that Claimant had been warned on March 20, 2014 that she had used ten unpaid sick days since the beginning of the calendar year and that she was therefore at her limit. (R. Item 12, H.T. at 11.) Employer also submitted documentation that Claimant was disciplined on April 22, 2014 for failure to report to work for her scheduled shift without calling to request leave; however, Claimant testified that she did call in, it was recorded by Employer, and that her shop steward found a record of the call. (*Id*. at 11-12) After Claimant reached her maximum of ten days unpaid sick leave, Claimant was progressively disciplined when she took additional unpaid sick leave. (*Id*.) Claimant then requested and received leave pursuant to the FMLA. (*Id*. at 7, 13-16.)

The Board found that Claimant was out on leave pursuant to the FMLA on September 26, 2014 and that she was contacted by telephone and spoke with a sick check investigator for Employer. The Board found that Claimant

7

admitted that she forgot to contact Employer to report that she was leaving the house on September 26, 2014 and that Claimant was not at home when the sick check investigator came to her door for an in person check. Employer's witness offered general testimony concerning Employer's sick leave policy; Employer did not present testimony from the sick check investigator who checked on Claimant or from Michelle Fortino, who Claimant testified coordinated Claimant's FMLA leave. (*Id*. at 13.) Employer's witness testified that when an employee is going to miss a day of work for sick leave, the employee must call an hour ahead of a scheduled shift and report the absence on a recorded line, and if the employee is going to leave the home while out sick, such as to go to a doctor's appointment, the employee must call the recorded line before leaving and again once the employee has returned. (*Id*. at 10.) Employer's witness further testified that a sick check investigator will obtain the names and contact information of employees who have reported out sick, and will visit their residences or contact them by telephone to see if they are available. (*Id*. at 10-11.) Employer's witness testified that the sick check investigator went to Claimant's residence at 5:59 p.m. on September 26, 2014, that Claimant's scheduled shift would have been 10:30 a.m. until 6:30 p.m., and that Claimant therefore failed the sick leave check because she was not at home during this time and had not called to report leaving her home. (*Id*. at 12.)

In *Grand Sport Auto*, this Court contrasted the claimant's extensive history of unexcused absences with the claimant in *Runkle v. Unemployment Compensation Board of Review*, 521 A.2d 530 (Pa. Cmwlth. 1987). The claimant in *Runkle* had been warned and suspended for absenteeism issues caused primarily by medical issues and was ultimately discharged from employment following a week of absence due to illness. *Id*. at 531. This Court noted that while

8

absenteeism alone is grounds for discharge, it is not a sufficient basis for denying unemployment compensation unless an employer demonstrates an additional element, such as lack of good cause for the absence. *Id.* This Court concluded in *Runkle* that illness constitutes good cause for an absence from employment and held that because the employer had not produced substantial evidence to support a finding that the claimant was not ill, the employer had not carried its burden to demonstrate willful misconduct. *Id.*

Substantial evidence exists in the record demonstrating the existence of Employer's sick leave policy. However, Employer failed to demonstrate by substantial evidence the reasonableness of its policy under the circumstances, Claimant's intentional and deliberate violation, and to rebut Claimant's evidence that she had good cause for her conduct. Instead, the record shows that Claimant was struggling with a medical condition and that when it began to jeopardize her employment she sought leave under the FMLA. *Brown v. Unemployment Compensation Board of Review*, 854 A.2d 626, 629 (Pa. Cmwlth. 2004) ("illness properly reported to the employer does not constitute willful misconduct"). Employer's attempt to apply its regular policy for employees who have called in sick, to an employee who has requested, certified, and received leave under the FMLA is not reasonable. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456-57 (1997) ("Reasonableness is determined by whether the employer's application of the rule under the circumstances is fair, just and appropriate to pursue a legitimate interest"). Furthermore, the Board found that Claimant spoke with the investigator on the phone but "forgot" to later call and report when she left the house and returned. The record does not contain any evidence of intent to deceive or deliberate noncompliance with Employer's policy.

9

*Compare Chambersburg Hospital v. Unemployment Compensation Board of Review*, 41 A.3d 896 (Pa. Cmwlth. 2012) (claimant who called in sick but was observed doing yardwork and other house chores committed willful misconduct). To the contrary, Claimant testified that she believed she would no longer be subject to discipline under Employer's policy because of her FMLA leave to address her medical condition. (*Id*. at 13-16, 19.)

The evidence here shows that Claimant was absent from work due to a medical condition and that the circumstance surrounding Claimant's discharge from employment, like the circumstances surrounding the claimant's discharge in *Runkle*, are quite distinguishable from those of the claimant in *Grand Sport Auto*. Employer simply has not established that Claimant's actions were inimical to Employer. While an employer is free to discharge an employee for falling short of its expectations, a claimant for unemployment compensation benefits is not rendered ineligible to receive benefits if the employer does not establish that the conduct underlying the discharge from employment was willful misconduct.

Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| The Philadelphia Parking Authority, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 609 C.D. 2015 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 17th day of November, 2015, the order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____

**JAMES GARDNER COLINS, Senior Judge**