676 A.2d 194

**Ronald C. ROSSI, Appellee,**

v.

**PENNSYLVANIA UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.**

**Appeal of Intervenor SUN COMPANY, INC., Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 4, 1995.

Decided May 21, 1996.

David S. Fortney and Christine L. Ciarrocchi, Philadelphia, for Sun Company.

Nancy L. Goldstein, Philadelphia, for Ronald C. Rossi.

Clifford Blaze, Harrisburg, for Unemployment Compensation Board of Review joins with Sun Co.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## *OPINION*

NIGRO, Justice.

Sun Company, Inc. appeals a Commonwealth Court Order awarding unemployment benefits to former Sun employee Ronald Rossi. The issues before this Court are whether an employer must show that an employee's actions were detrimental to the employer or done with an intent to defraud in order to establish willful misconduct under the Unemployment Compensation Act. Also at issue is whether the standard required to establish willful misconduct varies depending upon the length of an employee's employment. We conclude that the Commonwealth Court erred in finding that the employee in this case had not engaged in willful misconduct and thus we reverse.

Ronald Rossi was a senior manager at Sun's Pittsburgh division. He was employed by Sun for four years and by Sun's predecessor for over 25 years. Mr. Rossi was responsible for sales and supervised two sales managers and the sales force. He and the other sales employees frequently traveled and entertained prospective customers. Mr. Rossi submitted expense reports to Sun for reimbursement of the costs he incurred. He also approved the expense reports submitted by the other sales employees. While Mr. Rossi never received a written policy or attended a meeting on expense reports, he understood that they should contain business as opposed to personal expenses.

In July 1992, Sun audited the expense reports of high level employees who had requested monthly reimbursement over $1,500.00. Sun found many discrepancies in Mr. Rossi's reports. On several occasions in 1992, Mr. Rossi inaccurately reported where he was on a particular day. In March 1992, for example, Mr. Rossi went to the Big East Basketball Conference Tournament in New York but recorded on his expense report that he was working in Pittsburgh. Similarly, Mr. Rossi was at his second home in Avalon, New Jersey on July 16 and 17, 1992 but recorded on his expense report that he was working in Harrisburg and York, Pennsylvania. As a

result of the investigation, on November 12, 1992, Sun suspended Mr. Rossi with pay pending further investigation. He was terminated on December 17, 1992.

Mr. Rossi applied for unemployment compensation benefits. The Pittsburgh Job Center denied benefits because Mr. Rossi had engaged in willful misconduct. Mr. Rossi appealed. After a three-day hearing, the Referee affirmed the denial of benefits. Mr. Rossi appealed again and the Unemployment Compensation Board of Review affirmed the Referee's findings. Mr. Rossi appealed to the Commonwealth Court and Sun intervened. The Commonwealth Court reversed and found that Mr. Rossi had not engaged in willful misconduct.

██ Before turning to the merits of this case, we must address Mr. Rossi's motion to quash the present appeal. Mr. Rossi contends that Sun is barred from pursuing this appeal by a settlement agreement.[1] We disagree.

Mr. Rossi and Sun entered into a settlement agreement on May 13, 1995 to resolve a federal lawsuit in which Mr. Rossi claimed Sun discriminated against him based upon his age. Mr. Rossi argues that the agreement encompasses all disputes including the dispute over Mr. Rossi's unemployment benefits. The agreement, however, states that the intention of the parties is to resolve all claims that Mr. Rossi has against Sun. Nowhere does the agreement address Sun's ability to dispute Mr. Rossi's claim against the Unemployment Compensation Fund or any other third party. Moreover, while Mr. Rossi releases Sun from all of his claims in the agreement, Sun has not executed such a release.

1. On August 25, 1995, after Sun filed its brief in support of its appeal, Mr. Rossi petitioned this Court for permission to file a settlement agreement under seal which allegedly bars Sun from pursuing the appeal. On August 30, 1995, Mr. Rossi moved to quash Sun's appeal based upon the settlement. Sun opposed Mr. Rossi's motion to quash on September 8, 1995. On September 11, 1995 and September 13, 1995 respectively, the Unemployment Compensation Board opposed Mr. Rossi's petition to file the settlement agreement under seal and motion to quash. During oral argument on December 4, 1995, we granted Mr. Rossi's petition to file the settlement agreement under seal and took his motion to quash under advisement.

In addition, we granted Sun's petition for allowance of appeal of the Commonwealth Court decision on May 9, 1995. Mr. Rossi signed the settlement agreement four days later on May 13, 1995. The parties, both represented by counsel, specifically named the age discrimination suit in the settlement. If they intended to include this appeal in their agreement, it seems incredible that they would not have said so somewhere in the 11 page document. Mr. Rossi's motion to quash this appeal is therefore denied.[2]

Under the Pennsylvania Unemployment Compensation Act, an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work. 43 Pa. Stat. § 802(e)(1991). Here, the Commonwealth Court found that Mr. Rossi did not engage in willful misconduct because his conduct was not detrimental to Sun nor did he intend to defraud Sun. Sun contends that it is not required to show detriment or intent to defraud and that it met its burden of proving willful misconduct.

Whether or not an employee's actions constitute willful misconduct is a question of law subject to our review. *Selan v. Unemployment Compensation Bd. of Review*, 495 Pa. 338, 343, 433 A.2d 1337, 1339 (1981); *McLean v. Unemployment Compensation Bd. of Review*, 476 Pa. 617, 619, 383 A.2d 533, 535 (1978).[3] We must look at all of the circumstances, including the employee's noncompliance with the employer's directives and the reasons for the noncompliance. *Selan*, 495 Pa. at 343, 433 A.2d at 1339; *McLean*, 476 Pa. at 619, 383 A.2d at 535.[4]

2. We also find that Mr. Rossi has not shown that Sun is equitably estopped from pursuing this appeal.

3. The scope of our review is whether the findings of fact are supported by substantial evidence and whether there was a violation of the constitution or agency procedure or an error of law. *Gillins v. Unemployment Compensation Bd. of Review*, 534 Pa. 590, 596, 633 A.2d 1150, 1153 (1993).

4. The Board's findings of fact in an unemployment compensation case are conclusive on appeal if the record contains substantial evidence to

■■■ We have adopted the following definition of willful misconduct:

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*McLean,* 476 Pa. at 620, 383 A.2d at 535 (quoting *Moyer v. Unemployment Compensation Bd. of Review,* 177 Pa.Super. 72, 74, 110 A.2d 753, 754 (1955)); *Frumento v. Unemployment Compensation Bd. of Review,* 466 Pa. 81, 83–84, 351 A.2d 631, 632 (1976)(same). If an employee's conduct was justifiable or reasonable under the circumstances, it was not willful misconduct because it was not in disregard of standards that the employer had a right to expect. Thus, if there was good cause for the conduct, it was not willful misconduct. *McLean,* 476 Pa. at 620, 383 A.2d at 535; *Frumento,* 466 Pa. at 87, 351 A.2d at 634.

■■■ Nowhere in the definition of willful misconduct is detriment to the employer or intent to defraud required. Nor have we required such a showing in cases applying the definition. In *Brandt v. Unemployment Compensation Bd. of Review,* 537 Pa. 267, 272, 643 A.2d 78, 80 (1994), we found that a nurse's unprovoked use of profanity to a staff member in violation of her employer's policy constituted willful misconduct. In reaching this conclusion, we evaluated the context of the violation and did not consider the harm to the employer or the nurse's intent. *Id.*

In *Selan v. Unemployment Compensation Bd. of Review,* 495 Pa. 338, 433 A.2d 1337 (1981), we affirmed the Commonwealth Court's decision that a nurse assistant's deliberate violation of a reasonable rule prohibiting smoking in the

support them. *Brandt v. Unemployment Compensation Bd. of Review,* 537 Pa. 267, 270, 643 A.2d 78, 79 (1994).

bathroom, without good cause, constituted willful misconduct.[5] The Commonwealth Court considered the circumstances of the violation rather than the employer's detriment or employee's intent. *Selan v. Unemployment Comp. Bd. of Review,* 52 Pa.Commw. 7, 10, 415 A.2d 139, 140–41 (1980).

In *McLean,* 476 Pa. at 624, 383 A.2d at 537, we found that a truck driver's refusal to drive an inadequately repaired truck was not willful misconduct. We evaluated the employer's reasonableness and the driver's reasons for refusing to comply with his employer's instructions. 476 Pa. at 620, 383 A.2d at 535. Applying the same analysis, in *Frumento,* 466 Pa. at 87–88, 351 A.2d at 634, we found that an employee's refusal to work when he had another commitment and had given his employer prior notice was not willful misconduct.

We believe that a consideration of all of the circumstances surrounding an employee's failure to follow an employer's instruction, including the employer's reasonableness and the employee's justification for noncompliance, will promote the legislative intent behind the Unemployment Compensation Act and insure that those who are unemployed through no fault of their own have some economic security. *See Frumento,* 466 Pa. at 86 n. 4, 351 A.2d at 634 n. 4 (stating objectives of Unemployment Compensation Act). We decline to adopt a standard that requires an employer to show a specific detriment resulting from an employee's infraction or an employee's intent to defraud in order to establish willful misconduct. In many cases, it is not the specific harm to the employer that disqualifies an employee from benefits but rather the employee's abrogation of duties.[6]

5. This Court, however, was equally divided over whether the single smoking incident was a disregard of the nurse's responsibilities or a de minimis infraction. The present case is distinguishable as it involves . several infractions that relate to the employee's responsibilities.

6. The Commonwealth Court relied solely on language in *Bickling v. Unemployment Compensation Bd. of Review,* 17 Pa.Commw. 619, 333 A.2d 519 (1975), to impose a requirement of detriment to the employer. In *Bickling,* however, the court found no willful misconduct because there was good cause for the conduct at issue and insufficient evidence to support certain findings of fact. We reject the language the court extracted from *Bickling* in favor of the analysis discussed above. In

■ We also find that an employee's length of employment is not a factor in determining willful misconduct. We see no difference between a long-term employee and a short-term employee who unjustifiably breaks the rules. We agree with Sun that an employee should not be able to mitigate actions that in the absence of a long term of employment constitute willful misconduct.[7] The Commonwealth Court erred to the extent Mr. Rossi's length of employment with Sun was a factor in its decision.[8]

■ Applying these standards to this case, we conclude that Mr. Rossi engaged in willful misconduct. Sun established a reasonable policy of requiring its employees to submit expense reports for reimbursement of business expenses. Sun had a right to expect that its employees would accurately record the information requested on the form, including the employee's whereabouts. By misrepresenting his whereabouts on his expense reports, Mr. Rossi knowingly disregarded Sun's interests and violated a standard that Sun had a right to expect.

While Mr. Rossi justified some of the entries on his expense reports by his efforts to exclude personal travel,[9] he provided

addition, the Commonwealth Court has expressly rejected a requirement of detriment to the employer in cases involving employee dishonesty. *See, e.g., Pedersen v. Unemployment Compensation Bd. of Review,* 74 Pa.Commw. 130, 459 A.2d 869 (1983)(willful misconduct when employee took employer's supplies for personal use). *See also Zelonis v. Unemployment Compensation Bd. of Review,* 39 Pa.Commw. 516, 395 A.2d 712 (1979)(willful misconduct when employee lied about nature of telephone call received at work).

7. While dismissing one infraction over a lengthy period of service may be appealing, a long-term employee arguably understands the employer's rules and standards better than a short-term employee and his infractions are more condemnable.

8. Because we find that duration of employment is irrelevant, we do not consider whether the Commonwealth Court erred in finding Mr. Rossi was employed for 30 years.

9. We find that Mr. Rossi justified the false entries on his June 1, 2, and 3, 1992 expense reports. On his June 1 report, Mr. Rossi reported mileage expenses for travel from his home office in Pittsburgh to Harrisburg. In fact, he traveled from Pittsburgh to Avalon, New Jersey for pleasure on May 29 and Avalon to Harrisburg for work on June 1. Mr. Rossi's inclusion of only the business portion of his travel did not

no reason for misrepresenting his whereabouts on at least two occasions. On March 12 through March 15, 1992, Mr. Rossi reported mileage expenses for work in Pittsburgh. In fact, he was attending a basketball tournament in New York. Mr. Rossi offered no explanation for this falsehood. In addition, Mr. Rossi reported that he was working in Harrisburg on July 16, 1992 and in York on July 17, 1992. In fact, Mr. Rossi was in Avalon, New Jersey on these dates. While he recorded no expenses, he offered no explanation for lying about his whereabouts. At his hearing, Mr. Rossi admitted that this misrepresentation was "stupid."

Absent good cause, we will not condone Mr. Rossi's deliberate misrepresentations to Sun concerning his work. Such misrepresentations constitute a willful disregard of Sun's interests. The record is void of any evidence that other employees reported false locations on their reports or that this was a common practice at Sun. Mr. Rossi's departure from expected standards is underscored by the fact that one of his duties as manager was to review the expense reports of lower-level employees. We therefore reverse the Order of the Commonwealth Court.

NEWMAN, J., did not participate in the consideration or decision of this case.

disregard a standard that Sun had a right to expect. On June 2, Mr. Rossi reported mileage expenses for work in the Harrisburg area. He had also traveled from Harrisburg to Philadelphia to work, to Cherry Hill, New Jersey to have lunch with a relative, and back to Harrisburg for a meeting. Since Mr. Rossi was unsure whether this was primarily a business trip, his failure to include a partly personal trip on his report did not violate a standard that Sun had a right to expect. Similarly, on his June 3 report, Mr. Rossi recorded travel from Harrisburg to Philadelphia. In fact, Mr. Rossi made this trip and then went to Avalon. He did not report his travel to Avalon since it was for pleasure.