Arnold J. POMPEI and Rose Pompei, his wife, John H. Lorenzo and Diana Lorenzo, his wife, Louis Esposito and Ann Esposito, his wife, Appellants,

v.

Evan S. WILLIAMS, Jr. and Vineski, Brann, Williams, Caldwell and Mott, a partnership, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 8, 1998.

Filed April 20, 1999.

Reargument Denied July 6, 1999.

Raymond J. Quaglia, Philadelphia, for appellants.

Mark W. Drasnin, Wilkes-Barre for appellees.

Before DEL SOLE, STEVENS and ORIE MELVIN, JJ.

DEL SOLE, J.:

¶ 1 This is an appeal from a trial court order granting defendant-Appellees' Motion for Summary Judgment and dismissing Appellants' complaint of legal malpractice based upon the doctrine of collateral estoppel. We reverse.

¶ 2 Appellee–Williams and his firm represented both Appellants, as sellers, and an individual, Mr. Cummings, as buyer, in a real estate transaction concerning the sale of a number of acres of land in Bradford County. The sale was not completed and Cummings ultimately filed an action against Appellants for specific performance of the sales agreement. While this action was pending Appellants filed the instant action against Appellees for legal malpractice, claiming Appellee–Williams failed to represent Appellants with due care and failed to adequately advise and inform them about such matters as the legal meaning of certain terms in the contract, and the potential conflict of interest in representing both parties to the agreement. Appellants claimed that this conduct resulted in expenses associated with the lawsuit involving the sale of the property. The malpractice case was deferred pending the outcome of the action brought by Cummings.

¶ 3 In that lawsuit involving the sale of the property the trial court found in favor of Cummings and awarded him $117,700 in damages for lost profits he would have received had the transaction been completed. The court ruled that Cummings' actions did not amount to a material breach of the contract and that Appellants defaulted at the closing. The trial court held that Cummings was ready and able to settle on the closing date but that the closing was prevented by Appellants' in-

sistence on closing by mail rather than traveling to Appellees' office, and by Appellant's failure to communicate with Appellee–Williams. An appeal of this decision was taken to the Superior Court, and we affirmed the trial court's ruling in an unpublished memorandum decision. *Cummings v. Pompei, et al.*, 451 Pa.Super. 633, 679 A.2d 260 (1996). Thereafter, Appellants reactivated this legal malpractice case. Appellees filed a Motion for Summary Judgment based upon the doctrine of collateral estoppel. The trial court granted Appellees' motion, prompting the filing of this appeal.

¶ 4 The doctrine of collateral estoppel dictates that once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the same issue in a later suit on a different cause of action involving a party to the first case. *Bortz v. W.C.A.B.*, 546 Pa. 77, 683 A.2d 259 (1996). There are four essential elements to application of the doctrine.

First, the issue determined in the prior action must be identical to that presented in the subsequent action. Second, the previous judgment must be final on the merits. Third, the party against whom the defense is involved must have been a party or in privity with a party in the first action. And fourth, the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue on its merits in the prior action. *Id.* at 261.

¶ 5 In considering application of this doctrine the trial court held that the issues in this action are identical to the issue raised in the underlying action. The court characterized the issues and their similarity as follows:

The two issues in the underlying Cummings case were that the failure to present the deed ten days prior to the closing was a breach of the sales agreement thus justifying [Appellants'] failure to convey, and second, because the closing did not take place on the date specified in the agreement, there was a default by Cummings which justified the failure to convey. The issue in the instant case is basically that Attorney Williams failed to prevent or was responsible for Cummings' alleged breach. To follow this argument Cummings must have committed a breach.

. . .

Since [Appellants] were the ones determined by the Superior Court to be at fault in the underlying Cummings case and not a breach by Cummings, [Appellee] Williams could not be responsible for Cummings alleged breach as there was no breach by Cummings. Therefore the issues are identical.

Trial court opinion at 2–3.

¶ 6 The trial court went on to hold that the remaining requirements including the finality of the judgment, the privy of the party and a full and fair opportunity to litigate the issue, were all met. While we do not dispute these later conclusions, we cannot agree that there is an identity of issues in the two actions.

¶ 7 Although Appellants were ultimately held responsible for the breach of the sales agreement, that outcome has no bearing on the question presented in this action, namely, whether Appellants were given inadequate legal representation. Cummings was not held responsible for the breach, but this conclusion does not answer whether Appellee exercised due care and provided Appellants with proper legal advice in the underlying action. The prior case concerned issues limited to which party had breached an agreement of sale. The issue of whether legal malpractice occurred and whether the alleged breach of this duty resulted in Appellants' suffering economic harm by causing them to be embroiled in a costly litigation, was never determined by the court.

¶ 8 In *Muhammad v. Strassburger*, 526 Pa. 541, 587 A.2d 1346 (1991) our Supreme Court considered whether the

appellees' claim of legal malpractice was barred by the doctrine of collateral estoppel. The appellees in that action had retained the services of the appellant to represent them in a claim arising from the death of their infant son. A complaint was filed against the hospital and doctors involved. The defendant made a settlement offer which was ultimately accepted by the appellees, who some time later informed their attorneys of their dissatisfaction with the amount of the settlement. Although the appellees sought to have court reverse the settlement, after a hearing the court ruled that the settlement should be upheld. This decision was affirmed on appeal. The appellees then filed a separate action against the attorneys who represented them in the medical malpractice case. The appellants responded by filing preliminary objections alleging that the second action should be dismissed because is sought to relitigate the settlement. The Court disagreed and held:

> The issue in the first case was whether Mrs. Muhammad had authorized the settlement. The issues in the case before us are whether the attorney appellants were negligent and/or deceitful in their representations of the Muhammads and, if so, whether the Muhammads suffered harm as a result. It is thus evident that the matter is not barred by the doctrine of collateral estoppel as there are issues in this case that were not litigated in the medical malpractice case.

*Id.*, at 1348.

¶ 9 We find the facts of the *Muhammad* case remarkably similar and its decision instructive. As in *Muhammad*, Appellants' herein have brought a second action with issues which were never considered in the first action. Questions of legal negligence and deceit had no place in the action involving a land sale. Although Appellants were unsuccessful in their initial action, like the plaintiffs in *Muhammad*, the result of that action does not resolve the material issues which must be addressed in this action.

¶ 10 Appellees point out that *Muhammad* should be inapplicable because it involved a settlement rather that a lawsuit, and therefore there was no final judgment on the merits of the underlying 'case. However, the settlement issues had to go before a court in *Muhammad*, which ultimately ruled on a legal question, and upheld the settlement. The Supreme Court considered the collateral estoppel question in this situation and made its ruling based upon the differences in the issues presented in both matters. We too recognize that there is not an identity of issues in this case and in the previous case which considering the land sale agreement. Therefore, we reverse the trial court's order granting summary judgment and remand this matter for further proceedings.

¶ 11 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.