Rhonda D. Peck,                            :
                                           :
                    Petitioner             :
                                           :
          v.                               : No. 1404 C.D. 2016
                                           : Submitted: January 27, 2017
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                    Respondent             :

BEFORE:   HONORABLE MARY HANNAH LEAVIT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  February 28, 2017**


          Rhonda D. Peck (Claimant) petitions for review of the June 24, 2016
order of the Unemployment Compensation Board of Review (Board) concluding
that Claimant was ineligible for unemployment compensation benefits under
Section 402(e) of the Unemployment Compensation Law[1] (Law) due to willful
misconduct because Claimant failed to establish good cause for her violation of
G4S Secure Solutions Inc.'s (Employer) lateness policy.  We affirm.

          Claimant filed an initial claim for unemployment compensation with
the Department of Labor and Industry (Department) on February 28, 2016.
(Record Item (R. Item) 1, Claim Record.)  Both Claimant and Employer submitted

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).
Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any
week in which his or her unemployment is due to discharge for willful misconduct connected to
his or her work.  43 P.S. § 802(e).

separation information to the Department and participated in oral interviews with the Department. (R. Item 2, Claimant Questionnaires; R. Item 3, Claimant and Employer Information; R. Item 4, Employer Separation Information; R. Item 5, Employer Oral Interview; R. Item 6, Claimant Oral Interview.) On March 24, 2016, the Department issued a Notice of Determination finding Claimant was not ineligible for unemployment compensation because the Claimant had good cause—closure on Interstate 76 due to a fallen tree—for reporting to work late on February 25, 2016.[2] (R. Item 7, Notice of Determination.)

Employer appealed the Notice of Determination and a hearing was held before the Referee on April 28, 2016. (R. Item 8, Employer's Petition to Appeal; R. Item 11, Hearing Transcript (H.T.).) The Referee issued a decision and order on April 28, 2016, concluding that Claimant was not ineligible for unemployment compensation and finding that Claimant established that she had good cause for her late arrival to work on February 24, 2016. (R. Item 12, Referee Decision and Order.) Employer appealed the Referee's decision to the Board. (R. Item 13, Employer Petition for Appeal.)

On June 14, 2016, the Board issued a decision and order reversing the Referee based upon the following findings of fact:

> 1. [Claimant] was last employed as a custom protection officer by [Employer] from November 2011 at a final rate of $15.32 per hour, and her last day of work was February 26, 2016.
>
> 2. [Employer] has a policy requiring employees to be punctual in all work assignments and excessive tardiness will result in discipline or discharge.

---

[2] The date in the Notice of Determination was in error; there is no dispute that the proper date was February 24, 2016.

3. [Claimant] had a history of excessive tardiness throughout her employment.

4. On August 19, 2015 [Employer] delivered a corrective action notice to [Claimant] advising her that her job was in jeopardy due to excessive tardiness and that the notice served as a final warning.

5. Claimant continued to report for work tardy after the final warning.

6. [Claimant] was late for work on February 23 and 24, 2016, and was discharged as a result.

(R. Item 14, Board Decision and Order, Findings of Fact (F.F.) ¶¶1-6.) In its discussion, the Board concluded that Claimant had not established good cause because she was "discharged specifically for the last *two* occasions of tardiness, including February 23, 2016. [Claimant] offered no certain reason for the February 23rd incident and instead stated 'probably traffic.' Because [Claimant] had no good cause for the February 23rd incident, willful misconduct has been established." (*Id*, Discussion at 2.) Claimant petitioned this Court for review of the Board's order.

Before this Court, Claimant does not dispute that she was late on occasion during her five-year tenure with Employer but contends that she was simply a few minutes late here and there, and that otherwise her lateness was due to good cause.[3]

---

[3] Our review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Davila v. Unemployment Compensation Board of Review*, 926 A.2d 1287, 1289 n.3 (Pa. Cmwlth. 2007). Substantial evidence is such relevant evidence as a reasonable mind might

3

The question of whether a claimant's actions constitute "willful misconduct" is a question of law subject to this Court's review. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 (Pa. 1996). Willful misconduct is defined as: (i) wanton or willful disregard for an employer's interests; (ii) deliberate violation of an employer's rules; (iii) disregard for standards of behavior which an employer can rightfully expect of an employee; or (iv) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997). The employer has the burden to demonstrate that the claimant has engaged in willful misconduct; if an employer meets this burden, the burden then shifts to the claimant to demonstrate that the claimant had good cause for the violation of employer's policy by showing that the actions resulting in non-compliance were reasonable under the circumstances. *Rossi*, 676 A.2d at 197; *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). Where an employer alleges that a claimant has committed willful misconduct by violating a work policy, to meet its burden the employer must demonstrate by substantial evidence the existence of the policy, the reasonableness of the policy, and the claimant's deliberate violation of the policy. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 426 (Pa. 2003); *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 522 (Pa. Cmwlth. 1999).

In *Fritz v. Unemployment Compensation Board of Review*, 446 A.2d 330 (Pa. Cmwlth. 1982), we stated that "[a]n employer has the right to expect that

accept as adequate to support a conclusion. *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008).

4

[its] employees will attend work when they are scheduled, that they will be on time and that they will not leave work early without permission. We have repeatedly held that habitual tardiness is adequate grounds for a finding of willful misconduct…Surely such behavior is inimical to an employer's interest." *Id*. at 333 (internal citations omitted). The exception to this rule is where a claimant can show that there was good cause for the claimant's habitual lateness such as a demonstrable illness. *See, e.g. Runkle v. Unemployment Compensation Board of Review*, 521 A.2d 530, 531 (Pa. Cmwlth. 1987). However, where an employer has established that a history and pattern of late arrival to work, rather than a single incident, precipitated the claimant's discharge from employment, a claimant's evidence that the last incident was justified is insufficient to establish good cause; instead, a claimant must offer evidence that good cause existed for the pattern of lateness established by employer. *Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186, 193-194 (Pa. Cmwlth. 2012).

There is no dispute that Employer met its burden and, therefore, shifted the burden to Claimant to establish that she had good cause for violating Employer's policy by reporting late for work on February 23rd and 24th. In addition, Employer produced documentation of a final warning given to Claimant on August 19, 2015, advising Claimant that she could be terminated from employment if she was late again and documentation of Claimant's late arrival to work on eleven occasions after she received the final warning.[4] (R. Item 11, H.T. at 4, Referee Exhibits 5 & 6, Final Warning, Attendance Irregularity Forms.)

---

[4] Employer also presented testimony at the hearing from a member of its human resources department, Leslie Frescatore, that Claimant's tardiness "caused a lot of overtime, a lot of morale issues at the site," because another employee would have to stay on shift to cover Claimant's station until she arrived for work. (*Id*. at 9 & Exhibit 6.)

5

Although Claimant testified that she had good cause for her absence on February 24th, Claimant offered no explanation for her absence on February 23rd beyond, "[p]robably just traffic." (R. Item 11, H.T. at 12.) Claimant also did not offer evidence in support of good cause for the pattern of lateness established by Employer. Therefore, based on the facts found by the Board, Claimant has failed to carry her burden both because she did not produce credible evidence of circumstances justifying the pattern of lateness established by Employer and because she did not produce credible evidence of circumstances justifying one of the two final incidents that precipitated her discharge.

Accordingly, the order of the Board is affirmed.

_____

**JAMES GARDNER COLINS, Senior Judge**

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rhonda D. Peck, : 
          : 
               Petitioner : 
          : 
              v. : No. 1404 C.D. 2016
          : 
Unemployment Compensation : 
Board of Review, : 
          : 
              Respondent : 

## **O R D E R**

AND NOW this 28th day of February, 2017, the order of the Unemployment Compensation Review Board in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**