# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julie Turek,                                    :
                                                :
                   Petitioner                   :
                                                :
          v.                                    : No. 411 C.D. 2017
                                                : Submitted: December 29, 2017
Unemployment Compensation                       :
Board of Review,                                :
                                                :
                   Respondent                   :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  February 6, 2018**


Julie Turek (Claimant) petitions *pro se* for review of the March 16, 2017 order of the Unemployment Compensation Board of Review (Board). The Board affirmed the decision of a Referee, denying Claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Law) due to willful misconduct.  For the reasons set forth below, we now affirm.

Following her dismissal by Omnicare (Employer), where Claimant had been employed, full-time, as a Picking Technician, she filed an initial claim for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work.  43 P.S. § 802(e).

unemployment compensation with the Department of Labor and Industry (Department) on November 15, 2016. (Record Item (R. Item) 2, Internet Initial Claims.) On November 29, 2016, the Department issued a Notice of Determination finding Claimant ineligible for unemployment compensation benefits. (R. Item 5, Notice of Determination.)

Claimant appealed the Notice of Determination and a hearing was held before a Referee on January 9, 2017. (R. Item 9, Transcript of Testimony (H.T.).) On appeal, both Claimant and Employer's Backend Manager (Manager) appeared, and the Manager presented evidence regarding Employer's attendance policy. (*Id*.) The Referee issued a decision and order on January 23, 2017, finding that Claimant failed to establish good cause for her violation of Employer's attendance policy, and concluding that Claimant was ineligible for unemployment compensation. (R. Item 10, Referee Decision and Order.) The Referee made the following findings of fact:

1. The Claimant was last employed as a full-time Picking Technician earning $12.75 per hour with a $.50 shift differential with [Employer]. The Claimant began her employment on December 14, 2015, and last worked on November 15, 2016.

2. The Employer maintains an attendance policy which they review with all new employees during the initial hire process.

3. In accordance with the above policy, an employee who exceeds eight (8) occurrences within a calendar year will be terminated.

4. The above policy provides that employees will receive one third (1/3) of an occurrence whenever they report to work more than five minutes past their scheduled start time, leave work more than five minutes before their scheduled end time or when the employee misses

2

less than one half (1/2) of their scheduled work shift, not including job abandonment.

5. The policy continues that missing one half (1/2) or more of a scheduled work shift will result in one (1) occurrence, not including job abandonment or no call/no-show and that missing up to three consecutive days of expected work will constitute one (1) occurrence. Beginning on the fourth day of consecutive absence, occurrences will be assessed on a daily basis.

6. The above policy further provides that a notice will be provided via email to employees who accumulate four (4) or more occurrences in a calendar year and that a subsequent notice will be issued similarly to employees who accumulate seven (7) or more occurrences.

7. The above policy was a no-fault policy.

8. The Claimant admitted to being aware of the above policy.

9. On April 26, 2016, the Employer issued the Claimant an attendance notification via email advising her that she had reached 4.33 occurrences under the attendance policy and reminding the Claimant that she was allowed up to eight occurrences in a calendar year.

10. On September 3, 2016, the Employer issued the Claimant a second attendance notification email notifying the Claimant she had reached 7.00 occurrences under the attendance policy and reminding her that she was allowed 8 attendance occurrences in a calendar year.

11. After issuing the Claimant the above email, the Claimant was late more than five minutes on September 9, 2016, and again on September 26, 2016, and had an early departure of more than five minutes on September 22, 2016, resulting in the Claimant's attendance occurrences reaching the level of 8.0.

3

12. On November 11, 2016, the Claimant was scheduled for work at 3:30 P.M. but clocked in for work at 3:59 P.M., leading to the Claimant accruing a one third (1/3) attendance occurrence thereby increasing her attendance occurrences to 8.33 for the calendar year.

13. The Claimant provides care and support for her elderly mother during daytime hours.

14. On the above date, after providing care and support for her mother, the Claimant returned home at approximately 2 P.M. and fell asleep, resulting in the Claimant reporting to work tardy.

15. On November 15, 2016, the Employer discharged the Claimant for exceeding eight (8) attendance occurrence points within a calendar year in violation of their attendance policy.

(R. Item 10, Findings of Fact (F.F.) ¶¶ 1-15.) Claimant appealed the Referee's decision to the Board. (R. Item 11, Petition for Appeal.)

On March 16, 2017, the Board issued a decision and order affirming the Referee, and adopting and incorporating the Referee's findings of fact. (R. Item 12, Board's Order.) Claimant then petitioned this Court for review of the Board's order.[2]

The question of whether a claimant's actions constitute "willful misconduct" is a question of law subject to this Court's plenary review. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 (Pa. 1996).

---

[2] Our review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Davila v. Unemployment Compensation Board of Review*, 926 A.2d 1287, 1289 n.3 (Pa. Cmwlth. 2007). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008).

Willful misconduct is defined as: (i) wanton or willful disregard for an employer's interests; (ii) deliberate violation of an employer's rules; (iii) disregard for standards of behavior which an employer can rightfully expect of an employee; or (iv) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997). The employer has the burden to demonstrate that the claimant has engaged in willful misconduct; if an employer meets this burden, the burden then shifts to the claimant to demonstrate that the claimant had good cause for the violation of employer's policy by showing that the actions resulting in non-compliance were reasonable under the circumstances. *Rossi*, 676 A.2d at 197; *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). Where an employer alleges that a claimant has committed willful misconduct by violating a work policy, to meet its burden the employer must demonstrate by substantial evidence the existence of the policy, the reasonableness of the policy, and the claimant's deliberate violation of the policy. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 426 (Pa. 2003); *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 522 (Pa. Cmwlth. 1999).

Here, Claimant's sole argument is that she was denied the proper warning prior to her dismissal, and that by failing to provide her with written notice that she had reached 8 occurrences within the calendar year, Employer violated its attendance policy. Employer's attendance policy states that it is a "no-fault" policy, which is managed by the utilization of an occurrence structure. (R. Item 9, Exhibit E1.) The policy states that "[n]o-fault simply means that any time missed other than previously approved time off, counts as an occurrence...." (*Id*.) Employer's policy

5

clearly states that upon accumulating 4 or more occurrences in a calendar year, an employee will be provided a notification via email indicating their attendance status, and upon accumulating 7 or more occurrences in a calendar year, an employee will receive another notification reminding them that upon exceeding 8 occurrences, their employment will be terminated. (*Id.*) Claimant does not dispute that she received both these notices. Employer's policy, of which Claimant was aware, does not provide for any additional notices prior to dismissal.

An employer has a right to expect that employees will attend work when scheduled and that they will be on time. *Fritz v. Unemployment Compensation Board of Review*, 446 A.2d 330, 333 (Pa. Cmwlth. 1982). A claimant's habitual tardiness, particularly after warnings, is sufficient evidence to sustain a finding of willful misconduct. *Markley v. Unemployment Compensation Board of Review*, 407 A.2d 144, 146 (Pa. Cmwlth. 1979). The exception to this rule is where a claimant can show that there was good cause for the claimant's habitual lateness such as a demonstrable illness. *See, e.g. Runkle v. Unemployment Compensation Board of Review*, 521 A.2d 530, 531 (Pa. Cmwlth. 1987). Here, however, Claimant does not argue that she had good cause for her violation of the policy nor does she assert that she did not accumulate in excess of 8 occurrences.[3] Employer established that its attendance policy was reasonable, that Claimant was aware of the policy, and that she accrued the requisite number of occurrences for termination. Claimant failed to establish that there was good cause for any tardiness or unscheduled absence that resulted in the accrual of an "occurrence."

---

[3] Claimant does not challenge any of the findings of fact adopted by the Board. The findings, therefore, are conclusive and binding on this Court upon review. *Salamak v. Unemployment Compensation Board of Review*, 497 A.2d 951, 954 (Pa. Cmwlth. 1985).

Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julie Turek, : 
            : 
               Petitioner : 
            : 
               v. : No. 411 C.D. 2017
            : 
Unemployment Compensation : 
Board of Review, : 
            : 
               Respondent : 

## **O R D E R**

AND NOW this 6th day of February, 2018, the order of the Unemployment Compensation Review Board in the above-captioned matter is AFFIRMED.

 

**_____**
**JAMES GARDNER COLINS, Senior Judge**