J-S31020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JAMES BRIGHTWELL | : | |
| | : | |
| Appellant | : | No. 991 EDA 2023 |

Appeal from the PCRA Order Entered March 20, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No:  CP-15-CR-0000060-2003,
CP-15-CR-0000540-2003

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                     **FILED NOVEMBER 28, 2023**

Appellant, Anthony James Brightwell, appeals *pro se* from the order entered in the Court of Common Pleas of Chester County, denying his fourth petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The underlying factual and procedural background is not at issue here. ***See Commonwealth v. Brightwell***, No. 1046 EDA 2004 (Pa. Super. filed May 3, 2005); ***Commonwealth v. Brightwell***, 3144 EDA 2006, (Pa. Super. filed August 20, 2009); ***Commonwealth v. Brightwell***, No. 131 EDA 2012 (Pa. Super. filed November 28, 2012); ***Commonwealth v. Brightwell***, 413 EDA 2014 (Pa. Super. filed September 16, 2014).

Relevant to this appeal, Appellant filed the underlying petition, his fourth, on December 8, 2022.  On January 20, 2023, the PCRA court gave

Appellant notice of its intent to dismiss Appellant's petition after finding that the petition was untimely. Appellant was given the opportunity to respond. However, Appellant did not respond to the notice. On March 20, 2023, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.

As a preliminary matter, we must address the fact that Appellant filed a single notice of appeal, listing both docket numbers at 60-2003 and 540-2003. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket. Generally, it is within our discretion to either quash an appeal for violation of this rule or remand for correction pursuant to Pa.R.A.P. 902. **See Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021).

In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), however, this Court concluded that a breakdown in court processes occurs when a PCRA court mistakenly advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposes of petitions pending at multiple docket numbers. **Id.** at 160. **See also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury**).

In this case, the March 20, 2023 order dismissing Appellant's petition listed two lower court docket numbers, and advised Appellant that he had the right to "file **an** appeal to the Pennsylvania Superior Court." Order, 3/20/23

(emphasis added). Similar to **Stansbury** and **Larkin**, therefore, a breakdown in court processes occurred in this case when the PCRA court notified Appellant that he only had to file a single notice of appeal in connection with his appeal on two separate docket numbers. Thus, rather than quashing under **Walker** or remanding under **Young**, we will overlook this procedural error and allow the appeal to proceed. **See**, **e.g.**, **Commonwealth v. Best**, 2023 WL 5321022, at *2 (Pa. Super. August 18, 2023); **Commonwealth v. Crise**, 2022 WL 17545613 (Pa. Super. December 9, 2022), at *2, n.2; **Commonwealth v. Perry**, 2022 WL 2312461, at *2 (Pa. Super. June 28, 2022).

Appellant raises the following issue for our review: "Appellant was denied his constitutional rights to due process when the prosecution deliberately withheld impeachment evidence and information that was in possession of Inspector Shawn Dougherty[1] which resulted in a **Brady** violation under **Brady v. Maryland**, 373 U.S. 83 (U.S. 1963)." Appellant's Brief at ix.

On appeal,

[w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.

---

[1] Appellant argues that Inspector Dougherty conducted interviews with potential witnesses relating to the crimes at issue here, and that the Commonwealth used information gathered from those witnesses, failing to disclose to Appellant and his trial counsel that Inspector Dougherty, in the meantime, had been dismissed from the police force for misconduct. Appellant's Brief at 3-4.

- 3 -

>***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010).  This review is limited to the findings of the PCRA court and the evidence of record.  ***Id***.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  ***Id.***  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  ***Id.***  We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011).  However, we afford no such deference to its legal conclusions. ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007).  Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final,"[2] unless an

---

[2] It is undisputed that the underlying PCRA petition is facially untimely. Appellant was sentenced on March 10, 2004.  On May 3, 2005, we affirmed the judgment of sentence.  On September 27, 2005, our Supreme Court denied Appellant's petition for allowance of appeal.  If no petition for writ of certiorari is filed with the United States Supreme Court, as in the instant case, the judgment of sentence becomes final at the expiration of the 90-day period available to petition the United States Supreme Court.  ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1.  Accordingly, Appellant's judgment of sentence became final for purposes of the PCRA on December 26, 2005. Appellant had one year to file a timely PCRA petition (*i.e.*, December 26, 2006).  The underlying petition was filed on December 8, 2022, which is approximately 17 years after his judgment of sentence became final.  Thus, the underlying PCRA petition is facially untimely.

exception to timeliness applies.  42 Pa.C.S.A. § 9545(b)(1).[3]  "The PCRA's time restrictions are jurisdictional in nature.  Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).  As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed.  *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness).  If it is not timely, we cannot address the substantive claims raised in the petition.  *Id.*

We first note that on appeal Appellant seems to argue that the alleged *Brady* violation qualified as a governmental interference exception to the timeliness rule.  Below, however, Appellant argued that the alleged *Brady* violation qualified as a newly-discovered fact.  Because the issue raised before us was not raised below, Appellant's claim that the alleged *Brady*

---

[3] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

violation qualified as a governmental interference exception to the timeliness rule is therefore waived. *See* Pa.R.A.P.302(a).

Even if not waived, no relief is due on the claim before us. "Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008); 42 Pa.C.S.A. § 9545(b)(1)(i).[4] In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." *Stokes*, 959 A.2d at 310.

Here, Appellant failed to explain why he could not have obtained the information about the Commonwealth's alleged misconduct earlier with the

---

[4] *See* Section 9545, which in relevant part, reads:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]

42 Pa.C.S.A. § 9545(b)(1)(i).

exercise of due diligence. Appellant, therefore, failed to prove that his ***Brady***

claim meets the governmental interference exception.

On the merits, the ***Brady*** claim would not have been successful, even

if not waived and/or timely.

> Under ***Brady*** and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature. ***See***, ***e.g.***, ***Commonwealth v. Hutchinson***, 611 Pa. 280, 25 A.3d 277, 310 (2011). To establish a ***Brady*** violation, an appellant must prove three elements:
>
>> (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued.
>
> ***Hutchinson***, ***supra*** (citation omitted).
>
> The burden rests with the appellant to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." ***Id.*** (citation omitted). The evidence at issue must have been "material evidence that deprived the defendant of a fair trial." ***Id.*** (citation and emphasis omitted). "Favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [***Paddy***, 15 A.3d at 450] (quoting ***Kyles v. Whitley***, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).

***Commonwealth v. Roney***, 79 A.3d 595, 607 (Pa. 2013).

Additionally, "***Brady*** is not violated when the appellant knew or, with

reasonable diligence, could have uncovered the evidence in question, or when

the evidence was available to the defense from other sources." ***Id.*** at 608

(citations omitted).

Appellant failed to allege and prove that the Commonwealth withheld "material evidence that deprived the defendant of a fair trial." *Id.* at 607. Additionally, *Brady* was not violated because the officer's dismissal could have been uncovered with reasonable diligence or was otherwise available to the defense from other sources. In fact, the information about the inspector's misconduct and dismissal goes back years before Appellant's trial.[5] Even if Appellant was incarcerated, Appellant was assisted by counsel, who could have uncovered the misconduct/dismissal with reasonable diligence. Thus, even if we were to address the merits of Appellant's *Brady* claim, Appellant would not be entitled to relief.

Similarly, to the extent it is properly raised before us, we reach the same conclusion regarding Appellant's claim that the alleged *Brady* violation qualifies as a newly-discovered fact.

---

[5] It should be noted that a jury found Appellant guilty of the underlying crimes on January 8, 2004. PCRA Court Opinion, 6/5/23, at 1.

The issues with Inspector Dougherty's conduct, on the other hand, go back to years 2000 and 2002. *See Gunser v. City of Philadelphia*, 398 F.Supp.2d 392, 393-94 (E.D. Pa. 2005), *aff'd*, 241 Fed. Appx. 40 (3rd Cir.2007). Inspector "Dougherty was dismissed from the police department on February 14, 2002, after criminal charges related to these allegations were filed against him on January 15, 2002. Although he was acquitted of all criminal charges at trial in July 2002, his dismissal for conduct unbecoming a police officer was not reversed." *Id.* at 394. Appellant appended a copy of the Federal District Court decision as Exhibit "A" to his appellate brief to show that the District Court found that Inspector Dougherty improperly "misdirect[ed] evidence." Appellant's Brief at 5.

The newly-discovered facts exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017); 42 Pa.C.S.A. § 9545(b)(1)(ii).[6] Due diligence does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id.* (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). In addition, "[t]he PCRA limits the reach of the exceptions by

---

[6] Section 9545, in relevant part, reads:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> . . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

Pa.C.S.A. § 9545(b)(1)(ii).

- 9 -

providing that the exceptions must be pled within sixty days[7] of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2)." *Commonwealth v. Bennett*, 930 A.2d 1264, 1267-68 (Pa. 2007).

Appellant cannot meet the requirements of the newly-discovered facts exception. The PCRA court found, and we agree, that Appellant "failed to identify in his Petition when he discovered the alleged [*Brady*] violation or . . . explain why the information with the exercise of due diligence could not have been obtained earlier." PCRA Court Opinion, 6/5/23, at 4. Appellant, therefore, failed to meet the newly-discovered facts exception and the requirements set in Section 9545(b)(2).

On appeal, for the first time, Appellant offers that the new facts were discovered by "mere chance" on November 24, 2022, when he came across *Gunser*, *supra*. Appellant's Brief at 4, 6. Appellant argues that since the filing of the underlying PCRA petition occurred within two and one-half weeks after discovering *Gunser*, his petition is timely. *Id*. at 6. We disagree.

It is well-established that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception

---

[7] Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year and now reads: "Any petition invoking an exception provided in [Section 9545(b)(1)] shall be filed within one year of the date the claim could have been presented." Section 9545(b)(2). The amendment applies only to claims arising on or after December 24, 2017.

codified in the 42 Pa.C.S.A. § 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011).

Even if we were to overlook the untimeliness of this allegation,[8] the fact remains that Appellant has failed to explain what steps, if any, he took to discover those facts earlier. Indeed, discovering new facts by "mere chance" does not appear to qualify as "reasonable effort by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Shiloh**, 170 A.3d at 558.

In conclusion, given that the claims raised here are waived and/or untimely, we agree with the PCRA court that Appellant is entitled to no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/28/2023

---

[8] **See** Pa.R.A.P.302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.")

- 11 -